IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                               Case No. 14-10072-05-JTM

SHAWN KEEVAN,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Shawn Keevan's Motion to Vacate his sentence under 28 U.S.C. § 2255. (Dkt. 173). Keevan waived his right to challenge the sentence by collateral attack, including any motion brought under 28 U.S.C. § 2255, in his plea agreement. (Dkt. 173). He asserts, however, that his trial counsel was constitutionally ineffective in failing to raise arguments which might have affected his sentence. First, he argues counsel was ineffective in failing to challenge the Presentence Report which, he contends, improperly assessed his criminal history. Second, he argues that counsel should have challenged the allegation of two separate counts of using a communication facility to facilitate a drug trafficking crime because both of his calls were intended to arrange for a single delivery of methamphetamine.

In petitioning to plead guilty, Keevan acknowledged that the court would determine

his actual sentence:

> The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of responsibility for the offense, may have a specific effect on the sentence.
>
> I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty.

(Dkt. 129).

Pursuant to the Plea Agreement, Keevan pled guilty to Counts 17 and 20 of the Superseding Indictment charging violations of Title 21, United States Code, § 843(b). The defendant was advised that the court could sentence him to up to four years imprisonment. (Dkt. 130). For its part, the government agreed to dismiss the remaining charges against Keevan, promised to recommend a reduction for acceptance of responsibility, and indicated it would recommend consecutive sentences of 48 months. (Dkt. 130, at 3).

The PSR assigned Keevan a criminal history of seven, giving him a criminal history category of IV. The Report assessed three criminal history points for Keevan's January 24, 2005 conviction (Docket No. 39R020301185) for felony possession of a controlled substance

in Barry County, Missouri District Court. It assessed three points for a June 26, 2007 conviction in the same court (Docket No. 06R5CR01376-01) for possession of hydrocodone and unlawful use of a weapon, and one point for a conviction the same date (Docket No. 07BRCR00529) for criminal damage to property.

Under 21 U.S.C. § 843(b) and 21 U.S.C. § 843(d)(1), Keevan faced a maximum term of imprisonment of four years on each of the counts of conviction. With a total offense level of 29 (which included reductions for acceptance of responsibility) and a criminal history category of IV, the guideline imprisonment range was 121 months to 151 months. As the statutory maximum sentence was less than the guideline range, the applicable guideline range under USSG § 5G1.2(b) was 96 months. (Dkt. 143, at 23). The PSR notes the government's recommendation of consecutive 48 month sentences under Fed.R.Cr.Pr. 11(c)(1)(B), noting that such a recommendation would not bind the court.

After the PSR was filed, counsel for Keevan urged the court to impose a total sentence of 48 months. Defendant acknowledged a "long history of drug abuse," that he had become addicted to methamphetamine after "he saw a close friend being pulled out of a lake dead," that he had remained clean and sober while this action was pending, and is the sole parent to his nine-year-old daughter. (Dkt. 144, at 4). Defendant also stressed that concurrent sentences as to the two counts of conviction was appropriate in light of the anticipated sentences of his three co-defendants, which ranged between 48 and 60 months. Nonetheless, the defendant also acknowledged that the government requested consecutive sentences, for a total of 96 months.

The court ultimately imposed a sentence of 48 months on each count, but provided that 36 months of the sentence on Count 20 would run concurrent to Count 17, and 12 months consecutive. (Dkt. 156).

When he pled guilty in 2007 in Case No. 065R5CR01376-01, Keevan received a concurrent sentence of six and four years, respectively, for the hydrocodone and unlawful use of a weapon charges. This case arose after defendant was arrested on December 9, 2006, and pursuant to a plea agreement, the court dismissed a third count for possession of methamphetamine. The sentence rendered June 26, 2007 was also deemed to run concurrently to two earlier cases against him, both of which arose from his July 28, 2003 arrest.

In the first of these earlier cases (Dkt. Nos. 39R020301185), Keevan was charged with possession of a controlled substance, and in the second (Dkt. No. 39R020301178) with the same offense. On April 20, 2005, Keevan was sentenced to four years probation in both cases. When Keevan was again convicted in June of 2007, his probation in the earlier case was revoked and he was sentenced to five years imprisonment. Keevan was incarcerated on the 2003 charges from July 5, 2007 until he was again placed on probation on April 25, 2008. For the 2006 charges, Keevan was incarcerated from July 5, 2007 until April 28, 2008, when he was placed on parole, and from December 16, 2010 until April 22, 2011, when he was again released on parole.

The gist of the defendant's current argument is that his 2007 plea agreement was intended to run of all his sentences concurrently. Keevan argues that the assessment of six

criminal history points in the PSR "unconstitutionally separated the above contract and Plea Agreement entered into with the State of Missouri and therefrom declared the Plea bargain null and void." (Dkt. 174, at 3). He states, "I ... solemnly swear and state that [I] would have never waved any constitutional rights in the State court of Missouri and entered in [the 2007] agreement" if he had known that the federal government would subsequently assess separate criminal histories as to the offenses involved.

In addition, Keevan argues that Counts 17 and 20 cannot constitute separate offenses because they involved "the very same transaction," because "the second call was concerning where they were going to meet." (*Id.*)

In his petition to plead guilty, Keevan explicitly admitted that, prior to February 7, 2014, he had helped his co-defendants import methamphetamine from Arizona for distribution in Kansas and Missouri. Further, on both February 7 and February 27, 2014, he had "used a cellular telephone, a communication facility, with coconspirators who were in Kansas to coordinate the distribution of methamphetamine," and afterwards "obtained quantities of methamphetamine from the conspirators with the intent to further distribute it."

The court finds no basis for granting the relief sought. First, the court finds that the PSR accurately reflected the defendant's criminal history. USSG § 4A1.2(a)(2) addresses the circumstances under which the court should treat earlier criminal sentences of the defendant as a single sentence for purposes of determining his criminal history:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant

> is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(e).

The PSR correctly treated the defendant's Missouri offenses separately. Keevan was first arrested for two drug offenses in July of 2003, convicted of those offenses on January 1, 2005, and sentenced to probation on April 20, 2005. While he was still on probation for those offenses, he was arrested on December 9, 2006 on new charges involving possession of hydrocodone and unlawful use of a weapon.

That Keevan was able to plead to a single concurrent sentence on all his existing state cases does not change this analysis. His 2006 arrest was an intervening arrest for purposes of calculating his criminal history. *See United States v. Manning*, 635 Fed.Appx. 404, 409 (10th Cir. 2015) ("Because an intervening arrest separated Manning's predicate offenses, they were properly counted separately."); *United States v. McIntosh*, 2016 WL 4159723, * (D. Kan. Aug. 5, 2016) (because "defendant does not dispute that he was arrested following each incident ... the Court correctly counted the three sentences as separate sentences"). The concurrent nature of the omnibus sentence issued in 2007 also does not transform Keevan's multiple offenses into one. *See United States v. Jackson*, 2012 WL 5384167, *2 (D. Kan. Oct. 31, 2012) ("because the sentences were separated by an intervening arrest, they constitute separate sentences for purposes of calculating defendant's criminal history score," notwithstanding defendant's argument that "because the sentences ... ran concurrently, they constitute only one sentence"); *United States v.*

*Padrilla-Rodriguez*, 2006 WL 2422876, * n. 3 (D. Kan. July 11, 2006) (although he received "concurrent sentences in all three cases on the same day," each case was properly treated distinctly, since the "offenses in all three cases are separated by intervening arrests").

Because defendant's criminal history was correctly calculated, the court finds Keevan's counsel was not ineffective for failing to assert the issue. *See Padrilla-Rodriguez*, 2006 WL 2422876 at *1 (determining criminal history was accurate, and concluding that "the defense counsel exercised sound judgment in not pursuing these meritless objections to the PSR").

Counsel was also not ineffective in failing to argue that Counts 17 and 20 were the same offense. The statute, 21 U.S.C. § 843(b), expressly provides: "Each separate use of a communication facility shall be a separate offense under this subsection." *See United States v. Allen*, 603 F.3d 1202, 1213 (10th Cir. 2010). Given this statutory language, the defendant was properly convicted of separate offenses even if, as he now claims, the ultimate purpose of both calls was to facilitate a single delivery of narcotics. *See United States v. Dixon*, 132 F.3d 192, 200 (5th Cir.1997), *cert. denied*, 523 U.S. 1096 (1998) (separate offenses existed when defendant "used the telephone to facilitate each attempt" to make a sale of cocaine base to a government agent); *Lubin v. United States*, No. 2006 WL 1831340, at *3 (E.D. Tex. June 29, 2006) (defendant's argument "that he only committed one offense because both calls were made to arrange the same drug transaction ... lacks merit").

IT IS ACCORDINGLY ORDERED this 13th day of December, 2016, that the defendant's Motion to Vacate (Dkt. 173) is hereby denied.

___s/ J. Thomas Marten______
J. THOMAS MARTEN, JUDGE